**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **LAURA MATTA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.** |
| | ) | **:--** |
| | ) | |
| **PLAZA ASSOCIATES, INC.** | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Laura Matta an individual consumer, against defendant Plaza Associates, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), and also Massachusetts General Laws Annotated 93 § 49 (hereinafter "M.G.L.A. 93 § 49"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.      PARTIES

3.  Plaintiff, Laura Matta is a natural person residing in Springfield, Massachusetts.

4.  Defendant, Plaza Associates, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 370 Seventh Avenue, New York, NY 10001.  The principal purpose of Defendant is the collection of

debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. *FACTUAL ALLEGATIONS*

6.  Upon information and belief, Defendant began placing collection calls to Plaintiff in and around late February of 2011.

7.  Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

8. Upon information and belief, during a collection call, Defendant threatened Plaintiff, stating, "If you can't make a payment we will move forward with 'default'," when client's alleged debt is already in default.

9.  Upon information and belief, Defendant was given knowledge of Plaintiff's work hours and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer.

10.  Upon information and belief, Defendant's agent Tom Fazio (who left has left Plaintiff a number to reach him at of 1-800-524-4213) continued to call Plaintiff at Plaintiff's workplace around the third week of February of 2011; the second to last week of March of 2011; Monday March 28, 2011 at around 10 o'clock antemeridian; and on April 4, 2011.

11.  Upon information and belief, during a collection call, Defendant has lied to, or at the very least misled Plaintiff, stating that it would 'default' Plaintiff, when Plaintiff's alleged debt is already in default.

12.  As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in stress.

### IV.    *CLAIM FOR RELIEF*

13.  Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.  Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

     (a)  Defendant violated 15 U.S.C. §1692e(5) of the FDCPA by threatening to take action that it did not intend to take, such as 'defaulting' Plaintiff; and

     (b)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

     (c)  Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

15.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Laura Matta for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## V.   *CLAIM FOR RELIEF*

16.  Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

17.  Defendant violated M.G.L.A. 93 § 49.  Defendant's violations of M.G.L.A. 93 § 49 include, but are not limited to the following:

     (a)  Defendant violated M.G.L.A. 93 § 49(c) by threatening to take action which Defendant in the usual course of business does not in fact take; and

     (b)  Defendant violated M.G.L.A. 93 § 49(c) by communicating with the alleged debtor in such a manner as to harass or embarrass the alleged debt, including calls to Plaintiff's workplace, which is an inconvenient place, with unreasonable frequency, after having already been told by Plaintiff to cease such action.

18.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.  As a result of the above violations of the M.G.L.A. 93 § 49, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Plaza Associates, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of M.G.L.A. 93 § 49.
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Statutory damages pursuant to M.G.L.A. 93 § 49.
E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and M.G.L.A. 93 § 49.
F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,
By: /s/ Derek DePetrillo
Derek DePetrillo
BBO: 670303
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888) 712-4458
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**
Please take notice that plaintiff Laura Matta demands trial by jury in this action.